Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
Email: oatamoh@nevadafirm.com
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

E-filed on: May 25, 2010

*Attorneys for Saiid Forouzan Rad, R. Phillip Nourafchan, Forouzan, Inc., and RPN, LLC*

Julie Sanpei, Esq. (NV Bar No. 5479)
Email: jsanpei@bckltd.com
BAILUS COOK & KELESIS, LTD.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/385-3788
Facsimile:    702/737-7712

*Attorneys for R&S St. Rose, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

R&S ST. ROSE, LLC,

　　　　Alleged Debtor.

Case No. BK-S-10-18827-MKN
Involuntary Chapter 7

**DECLARATION OF SAIID FOROUZAN RAD IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION**

Date of Hearing:    OST Pending
Time of Hearing:    OST Pending
Place: Courtroom No. 2, Third Floor
　　　　Foley Federal Building
　　　　300 Las Vegas Blvd., S.
　　　　Las Vegas, NV 89101

Judge: Hon. Mike K. Nakagawa

I, SAIID FOROUZAN RAD, hereby declare under penalty of perjury as follows:

1.　　I am the president and a shareholder of Forouzan, Inc. ("Forouzan Inc."), a Nevada corporation, one of two managers and members of R&S St Rose, LLC ("R&S St. Rose"). The other member and manager of R&S St. Rose is RPN, LLC ("RPN"), a Nevada limited liability company. RPN is owned and operated by R. Phillip Nourafchan ("Nourafchan").

07906-01.001/600000.doc

I submit this declaration in support of the Motion to Dismiss Involuntary Petition ("Motion"). I have personal knowledge of the matters set forth below based upon my personal involvement and understanding. If called as a witness I could and would testify competently and truthfully to those matters.

**R&S St. Rose Real Property Transaction**

2. R&S St. Rose was formed in August 2005 for the sole purpose of land-banking thirty-eight acres of real property located at St. Rose Parkway and Spencer Road in Henderson, Nevada (the "Property") for Centex Homes ("Centex"), a residential real estate developer.[1]

3. On August 26, 2005, R&S St. Rose purchased the Property for $45,131,414.11. Pursuant to an Option Agreement between R&S St. Rose and Centex, Centex had the option to purchase the Property from R&S St. Rose on or before September 6, 2006 for approximately $54,102,000.00.

4. To purchase the Property, R&S St. Rose obtained funds from three different sources: (1) Colonial Bank, N.A. ("Colonial Bank"); (2) Centex non-refundable deposits; and (3) R&S St. Rose Lenders, LLC ("St. Rose Lenders")[2], who obtained the funds from private lenders.

5. R&S St. Rose borrowed $29,305,250.00 from Colonial Bank, which was evidenced by a Loan Agreement, Promissory Note and Deed of Trust, all of which are dated August 16, 2005. True copies of the Loan Agreement, Promissory Note and Deed of Trust are attached hereto, respectively, as **Exhibits "1", "2" and "3"**.

6. The loan was for a period of twelve months with an option to extend the loan for an additional six months.

. . .

. . .

---

[1] Developers such as Centex Homes are often restricted from acquiring property until all of the entitlements are in place. In order to address this situation, developers such as Centex Homes arrange for a third party "Land Banker" to acquire the property while the developer obtains the entitlements. At closing, the developer obtains the option to purchase the property at a later date and for a greater purchase price. During the option period, the developer completes the entitlement process at its own expense and proceeds to purchase the property at the higher purchase price. This process is referred to as "land-banking".

[2] St. Rose Lenders is a Nevada limited liability company wholly owned and managed by Forouzan Inc. and RPN.

07906-01.001/600000.doc

7. The loan was secured by a first deed of trust against the Property in favor of Colonial Bank. The deed of trust was recorded on August 26, 2005. (This August 16, 2005 Promissory Note and recorded Deed of Trust are hereafter referred to as the "$29M DOT").

8. Nourafchan and I each signed personal guarantees that guaranteed repayment of the $29M DOT. True copies of the personal guarantees are attached hereto as **Exhibit "4"**.

9. R&S St. Rose applied $8,100,000.00 from the non-refundable earnest money deposits from Centex towards the purchase of the Property.

10. R&S St. Rose also borrowed approximately $12,000,000.00 from St. Rose Lenders which was evidenced by a Promissory Note and Second Deed of Trust. The Second Deed of Trust in favor of St. Rose Lenders was recorded on September 16, 2005. (This $12,000,000.00 Promissory Note and recorded Second Deed of Trust are hereafter referred to as the "$12M DOT"). True copies of the Promissory Note and Second Deed of Trust are attached respectively, as **Exhibits "5"** and **"6"**.

11. Approximately one month before expiration of the Centex option period, Centex notified R&S St. Rose that it was forfeiting its deposit of $8,100,000.00 and did not intend to exercise the purchase option.

12. On March 19, 2007, R&S St. Rose and Colonial Bank entered into a Modification to Deed of Trust and Security Agreement and Fixture Filing with Assignment of Rents (the "Modification") and an Amendment to Promissory Note Secured by Deed of Trust (the "Amendment"), in which R&S St. Rose and Colonial Bank agreed to extend the maturity date of the Note for a few months, until August 25, 2007. True copies of the Modification and Amendment are attached hereto, respectively, as **Exhibits "7"** and **"8"**.

13. Nevada Title handled the Modification closing transaction and required both R&S St. Rose, as the owner, and St. Rose Lenders, as the beneficiary, to execute an agreement subordinating the St. Rose Lenders $12M DOT (hereinafter referred to as the "Subordination Agreement" and a true copy of which is attached hereto as **Exhibit "9"**).

. . .

. . .

- 3 -

07906-01.001/600000.doc

14. Nevada Title recorded both the Modification and the Subordination Agreement on June 4, 2007.

15. Prior to expiration of the extended maturity date for the Modification, Colonial Bank and R&S St. Rose agreed to the terms of a new distinct construction loan for the development of the Property ("Construction Loan").

16. On July 27, 2007, Colonial Bank and R&S St. Rose entered into the Construction Loan.

17. The total encumbrance added to the Property at the time of closing was $33,031,873.72. This amount consisted of (i) a $439,800.00 loan fee to Colonial Bank; (ii) the payoff of Colonial Bank's 2005 loan in the amount of $29,779,628.72; (iii) a reconveyance fee of $45.00; (iv) $3,000.00 for the appraisal; (v) $500.00 for an appraisal review fee; (vi) $900.00 for an underwriting fee; and (vii) $2,808,000.00 as an interest reserve.

18. The total amount of the Construction Loan approved by Colonial Bank was $43,980,000.

19. After the Construction Loan closed, R&S St. Rose was allowed to submit requests to Colonial Bank for additional funds, as needed for construction, up to the total amount of the loan.

20. The Construction Loan was evidenced by a Construction Loan Agreement, Promissory Note and Deed of Trust (collectively the "Construction Loan Documents"). True copies of which are attached hereto, respectively, as **Exhibits "10", "11" and "12"**).

21. At the time of the closing of the Construction Loan, Colonial Bank paid itself sums to satisfy the original $29M DOT and executed a reconveyance, which was duly recorded. A true copy of the reconveyance is attached hereto as **Exhibit "13"**.

22. The Deed of Trust in favor of Colonial Bank relating to the Construction Loan was recorded on July 31, 2007. (This Construction Loan evidenced by a Construction Loan Agreement, Promissory Note and recorded Deed of Trust are hereafter referred to as the "$43M DOT").

. . .

07906-01.001/600000.doc

23. At the time the $43M DOT was recorded in August 2007, it was subordinate in time to the $12M DOT, and has remained so through the present.

24. St. Rose Lenders was not a party to the Construction Loan Documents and was not a guarantor.

25. The Construction Loan was for eighteen months (January 30, 2009) with an option to extend the term for an additional six months.

26. R&S St. Rose was unable to develop the Property and on April 2, 2009, Colonial Bank demanded that R&S St. Rose cure its default as a result of its failure to pay the balance of the principal and accrued interest when due. On April 28, 2009, Colonial Bank recorded a Notice of Default and Election to Sell. A true copy of that Notice of Default and Election to Sell is attached hereto as **Exhibit "14"**.

27. On July 15, 2009, St. Rose Lenders also commenced foreclosure proceedings against the Property by recording a Notice of Default and Election to Sell. A true copy of the St. Rose Lenders' Notice of Default and Election to Sell is attached hereto as **Exhibit "15"**.

**State Court Litigation**

28. On November 3, 2008, Robert Murdock ("Murdock") and Eckley Keach ("Keach")(collectively referred to as "Plaintiffs") filed a Complaint against R&S St. Rose, St. Rose Lenders, me, Nourafchan, Forouzan Inc. and RPN in the Eighth Judicial District Court, Clark County, Nevada, Case No. A574852, Dept. XI. The complaint contained allegations sounding in breach of contract, unjust enrichment and fraud. On April 3, 2009, Plaintiffs filed a Second Amended Complaint ("Keach/Murdock Action") adding claims against Colonial Bancgroup, LLC (believed to be the holding company for Colonial Bank), and R&S Investment Group ("R&S Investment")[3].

29. On July 1, 2009, Colonial Bank filed Case No. 09-A-594512-C in the Eighth Judicial District Court, Clark County, Nevada ("Colonial Bank Action"). In the Colonial Bank

. . .

---

[3] R&S Investment Group is a Nevada limited liability company owned equally by Nourafchan and me.

07906-01.001/600000.doc

Action, Colonial Bank alleged under a variety of theories, that its $43M DOT had priority over the St. Rose Lenders $12M DOT.

30. I believe that on or about August 2009, the Federal Deposit Insurance Corporation ("FDIC") took over Colonial Bank as receiver.

31. I am informed that on or about August 14, 2009, the FDIC and Branch Banking and Trust Company (BB&T") entered into a Purchase and Assumption Agreement whereby BB&T purchased some of the assets of Colonial Bank.

32. On October 1, 2009, BB&T filed an Amended Complaint in place of Colonial Bank in which BB&T alleged it was successor in interest to the FDIC as receiver for Colonial Bank. On October 7, 2009, BB&T filed a Second Amended Complaint. In the Second Amended Complaint, BB&T asserted theories of contractual subrogation, equitable subrogation, replacement, equitable/promissory estoppel, unjust enrichment, misrepresentation and civil conspiracy to seek priority of the $43M DOT over the St. Rose Lenders $12M DOT. St. Rose Lenders filed a counterclaim against BB&T on October 27, 2009 seeking a declaration that the $12M DOT had priority over the $43M DOT. All actions were consolidated on October 22, 2009 in Case No. A574852, Dept. XI.

33. Both St. Rose Lenders and BB&T sought injunctive relief to prevent the other from foreclosing on the Property pending a determination by the trial court regarding the priority of the deeds of trust. The trial court granted a mutual temporary restraining order preventing either party from moving forward with foreclosure until the issue of priority was resolved. With the consent of the parties, the Court consolidated the preliminary injunction hearing with a trial on the merits regarding BB&T's claims for relief for contractual subrogation, equitable subrogation, replacement, equitable/promissory estoppel, and unjust enrichment. The parties also consented to an extension of the temporary restraining order until the conclusion of the trial and evidentiary hearing.

34. The trial commenced on January 8, 2010 with BB&T's presenting its case-in-chief. The trial continued over a period of four (4) months for a total of ten days until April 14, 2010.

07906-01.001/600000.doc

35. At the conclusion of BB&T's case-in-chief, Plaintiffs Murdock and Keach and Defendants Rad, Nourafchan, Forouzan, Inc., RPN, R&S St. Rose, St. Rose Lenders, and R&S Investment Group, made an oral motion pursuant to Rule 52 of the Nevada Rules of Civil Procedure "(Rule 52 Motion") for a ruling against BB&T. The primary issue raised in the Rule 52 Motion was whether BB&T had met its evidentiary burden of proof to demonstrate it received an assignment of Colonial Bank's interest in the $43M DOT.

36. The trial court granted the Rule 52 Motion after subsequent briefing and heated oral argument.

37. Thereafter, on or about April 28, 2010, BB&T filed a Voluntary Motion to Dismiss its Remaining Claims to Certify Order as Final ("Motion to Dismiss") and Motion to Stay Foreclosure Pending Appeal on Order for Shortening Time ("Motion to Stay Foreclosure") in order to pave the way for the filing of an appeal of the trial court's order granting the rule 52 Motion. At the hearing held on May 4, 2010, the trial court granted BB&T's Motion to Dismiss, but denied its Motion to Stay Foreclosure and enjoin the St. Rose Lenders foreclosure sale scheduled for June 1, 2010.

38. At the hearing, Murdock and Keach also made an oral motion to voluntarily dismiss their remaining claims for relief.[4] This motion was also granted by the trial court.

**Involuntary Bankruptcy Petition**

39. After the trial court denied BB&T's Motion to Stay Foreclosure of the St. Rose Lenders foreclosure scheduled for June 1, 2010, and while the parties were in the process of preparing findings of fact, conclusions of law and judgment on the Rule 52 Motion, BB&T filed the involuntary petition under Chapter 7 of the Bankruptcy Code against R&S St. Rose. See *Involuntary Petition* [DKT 1].

40. The Property is the primary, if not sole asset of R&S St. Rose.

41. The primary debts of R&S St. Rose are those arising out of the $12M DOT and the $43M DOT.

---

[4] The trial court had earlier granted a motion for summary judgment in favor of Murdock and Keach against St. Rose Lenders.

07906-01.001/600000.doc

42. The estimated fair market value of the Property based upon an October 20, 2009 appraisal obtained by St. Rose Lenders for purposes of the state court priority trial, is $23,555,000.00. The outstanding liens on the Property total approximately $45,555,000, resulting in an unsecured deficiency of roughly $22,000,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 24 day of May, 2010.

_____
SAIID FOROUZANRAD

07906-01.001/600000.doc

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson, and that on the 25th day of May, 2010, I caused to be served a true and correct copy of DECLARATION OF SAIID FOROUZAN RAD IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION in the following manner:

☐ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

_____
An employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson

- 9 -

07906-01.001/600000.doc