Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
Email: oatamoh@nevadafirm.com
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

*Attorneys for Saiid Forouzan Rad, R. Phillip Nourafchan, Forouzan, Inc., and RPN, LLC*

Julie Sanpei, Esq. (NV Bar No. 5479)
Email: jsanpei@bckltd.com
BAILUS COOK & KELESIS, LTD.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/385-3788
Facsimile:    702/737-7712

*Attorneys for R&S St. Rose, LLC*

E-filed on: May 25, 2010

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>R&S ST. ROSE, LLC,<br><br>Alleged Debtor. | Case No. BK-S-10-18827-MKN<br>Involuntary Chapter 7<br><br>**DECLARATION OF RICHARD F. HOLLEY, ESQ. IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION**<br><br>Date of Hearing:    OST PENDING<br>Time of Hearing:    OST PENDING<br>Place: Courtroom No. 2, Third Floor<br>Foley Federal Building<br>300 Las Vegas Blvd., S.<br>Las Vegas, NV 89101<br><br>Judge: Hon. Mike K. Nakagawa |

I, RICHARD F. HOLLEY, hereby declare under penalty of perjury as follows:

1. I am a shareholder in the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson ("Santoro Firm"). I am admitted to practice law before this Court.

2. I make this declaration in support of the Motion to Dismiss the involuntary petition commenced by Branch Banking and Trust Company (BB&T") against R&S St. Rose, LLC ("R&S St. Rose").

3. The Santoro Firm was at all relevant times counsel of record for Saiid Forouzan Rad ("Rad"), Forouzan, Inc, ("Forouzan Inc."), Phillip Nourafchan ("Nourafchan"), RPN, LLC, a Nevada limited liability company ("RPN"), and R&S Investment Group, LLC ("R&S Investment"), in case number A574852 pending in Department XI in the Eighth Judicial District Court, Clark County, Nevada and case number A594512 originally filed in Department XIII in the Eighth Judicial District Court, Clark County, Nevada and subsequently consolidated with case number A574852 (collectively the "State Court Actions"). I was lead counsel in the State Court Actions on behalf of Rad, Forouzan Inc., Nourafchan, RPN and R&S Investment.

4. Forouzan Inc. and RPN are the sole members and managers of R&S St. Rose. Rad is an owner of Forouzan Inc., and Nourafchan is the sole member and manager of RPN.

5. I have personal knowledge of the matters set forth in this declaration except as to those matters based upon information and belief. As to the matters based upon information and belief, I believe those statements to be true and correct.

6. On November 3, 2008, Robert Murdock ("Murdock") and Eckley Keach ("Keach") (collectively referred to as "Plaintiffs") initiated case number A574852 against R&S St. Rose, St. Rose Lenders, LLC ("St. Rose Lenders"), Rad, Nourafchan, Forouzan Inc. and RPN. The complaint contained allegations sounding in breach of contract, unjust enrichment and fraud. On April 3, 2009, Plaintiffs filed a Second Amended Complaint ("Keach/Murdock Action") adding claims against Colonial Bancgroup, LLC (believed to be the holding company for Colonial Bank, N.A.), and R&S Investment[1]. A true and correct copy of the Second Amended Complaint is attached as **Exhibit "1"**.

7. On July 1, 2009, Colonial Bank, N.A. ("Colonial Bank") commenced Case No A594512 against R&S St. Rose, St. Rose Lenders, Rad, Nourafchan, Forouzan Inc. and RPN.

---

[1] R&S Investment Group is a Nevada limited liability company owned equally by Nourafchan and Rad.

- 2 -

07906-01.001/601100.doc

("Colonial Bank Action"). In its complaint (the "Colonial Bank Complaint"), Colonial Bank alleged a variety of theories upon which it contended that its $43M DOT had priority over the St. Rose Lenders $12M DOT. In addition, Colonial Bank asserted claims for unjust enrichment, fraud and civil conspiracy. A true and correct copy of the Colonial Bank Complaint is attached as **Exhibit "2"**.

8. In or about August 2009, the Federal Deposit Insurance Corporation ("FDIC") took over Colonial Bank as receiver.

9. I am informed and believe and therefore state that on or about August 14, 2009, the FDIC and BB&T entered into a Purchase and Assumption Agreement whereby BB&T purchased some of the assets of Colonial Bank.

10. On October 1, 2009, in response to a motion to dismiss, or for more definite statement, BB&T filed an Amended Complaint in place of Colonial Bank in which BB&T alleged it was successor in interest to the FDIC, as receiver for Colonial Bank. On October 7, 2009, BB&T filed a Second Amended Complaint ("BB&T Second Amended Complaint"). A true and correct copy of the BB&T Second Amended Complaint is attached as **Exhibit "3"**. In the BB&T Second Amended Complaint, BB&T continued to assert theories of priority including contractual subrogation, equitable subrogation, replacement, equitable/promissory estoppel, as well as claims for unjust enrichment, fraud and civil conspiracy. BB&T also added R&S Investments as a party defendant.

11. In response to the BB&T Second Amended Complaint, St. Rose Lenders filed a counterclaim against BB&T on October 27, 2009 seeking a declaration that the $12M DOT had priority over the $43M DOT ("St. Rose Lenders Counterclaim"). A true and correct copy of the St. Rose Lenders Counterclaim is attached as **Exhibit "4"**. All actions were consolidated by court order on October 22, 2009 under case no. A574852 in Department XI.

12. Both St. Rose Lenders and BB&T sought injunctive relief to prevent the other from foreclosing on the Property pending a determination by the trial court regarding the priority of the deeds of trust. The trial court granted a mutual temporary restraining order preventing either party from moving forward with foreclosure until the issue of priority was resolved. With

- 3 -

07906-01.001/601100.doc

1　the consent of the parties, the Court consolidated the preliminary injunction hearing with a trial on the merits regarding BB&T's claims for relief for contractual subrogation, equitable subrogation, replacement, equitable/promissory estoppel, and unjust enrichment. The parties also consented to an extension of the mutual temporary restraining order until the conclusion of the trial on the merits and evidentiary hearing.

13.　The trial commenced on January 8, 2010 with BB&T presenting its case-in-chief. The trial continued over the ensuing four (4) months for a total of ten trial days until April 14, 2010.

14.　At the conclusion of BB&T's case-in-chief, Plaintiffs Murdock and Keach and Defendants Rad, Nourafchan, Forouzan Inc., RPN, R&S St. Rose, St. Rose Lenders, and R&S Investment, made an oral motion pursuant to Rule 52 of the Nevada Rules of Civil Procedure for a ruling against BB&T ("Rule 52 Motion"). The primary issue raised in the Rule 52 Motion was whether BB&T had met its evidentiary burden of proof to demonstrate it received an assignment of Colonial Bank's interest in the $43M DOT.

15.　In response to the Rule 52 Motion, BB&T made several oral motions including a motion under Rule 17 and Rule 25 of the Nevada Rules of Civil Procedure to substitute the FDIC as the real party-in-interest in the place and stead of BB&T. In response to the oral motion, the trial court established a briefing schedule and directed the parties to prepare and submit written briefs on the substitution issue.

16.　The hearing on the substitution issue took place on April 13, 2010. A true and correct copy of the April 13, 2010 hearing transcript is attached as **Exhibit "5"**. As reflected in the transcript, the trial court denied BB&T's motion to substitute the FDIC as the real-party-in-interest. See **Exhibit "5"** at p.25, ll. 15-25.

17.　The trial court resumed the hearing on the Rule 52 Motion on April 14, 2010. A true and correct copy of the April 14, 2010 hearing transcript is attached as **Exhibit "6"**. As reflected in the transcript, the trial court granted the Rule 52 Motion. See **Exhibit "6"** at p.27, ll. 14-21. The trial court also directed Mr. Keach to prepare findings of fact and conclusions of law with respect to the Rule 52 Motion.

07906-01.001/601100.doc

18. After the trial court issued its ruling, BB&T, through its counsel, Mr. Doug Gerrard, Esq., immediately made an oral motion for a stay of the St. Rose Lenders' foreclosure pending the outcome of an appeal and for a Rule 54(b) certification of the trial court's ruling. Id., at p.29, ll. 24-25; pp.30-33. After some discussion, Mr. Gerrard advised the trial court that he would file a motion to dismiss the remaining claims for relief in order to pave the way for an appeal of the Rule 52 Motion as well as a motion to stay the St. Rose Lenders' foreclosure pending appeal. Id. At p.33, ll. 19-25, p.34, ll. 1-4. This then led to a discussion between counsel and the court regarding the continued imposition of the temporary restraining order for the statutory 15-day time period after entry of the findings of fact, conclusions of law and order granting the Rule 52 Motion. Id., at p. 34, ll. 5-25; p.35, ll. 1-9.

19. Thereafter, on or about April 28, 2010, BB&T filed a Voluntary Motion to Dismiss its Remaining Claims to Certify Order as Final ("Motion to Dismiss") and Motion to Stay Foreclosure Pending Appeal on Order for Shortening Time ("Motion to Stay Foreclosure"). A true and correct copy of the Motion to Dismiss and the Motion to Stay Foreclosure is attached as **Exhibit "7"**. At the hearing held on May 4, 2010, the trial court granted BB&T's Motion to Dismiss, but denied its Motion to Stay Foreclosure and enjoin the St. Rose Lenders foreclosure sale scheduled for June 1, 2010. A true and correct copy of minutes of the hearing is attached as **Exhibit "8"**.

20. At the hearing, Murdock and Keach also made an oral motion to voluntarily dismiss their remaining claims for relief.[2] This motion was also granted by the trial court.

**Involuntary Bankruptcy Petition**

21. After the trial court denied BB&T's Motion to Stay Foreclosure of the St. Rose Lenders foreclosure sale scheduled for June 1, 2010, and while the parties were in the process of preparing findings of fact, conclusions of law and judgment on the Rule 52 Motion, BB&T filed the involuntary petition under Chapter 7 of the Bankruptcy Code against R&S St. Rose. See *Involuntary Petition* [DKT 1].

---

[2] The trial court had earlier granted a motion for summary judgment in favor of Murdock and Keach against St. Rose Lenders for breach of contract.

- 5 -

22. At trial, BB&T elicited testimony from one of its witnesses, Mr. Rich Yach, that the outstanding indebtedness under the $43M DOT was $33,461,000.00.

23. During the evidentiary hearing St. Rose Lenders openly discussed the outstanding amount secured by the $12M DOT and submitted an exhibit list containing promissory notes to individual investors and provided an exhibit binder to Mr. Gerrard containing copies of the promissory notes. A true and correct copy of the St. Rose Lenders Exhibit List is attached as **Exhibit "9"**.

24. During the evidentiary hearing, St. Rose Lenders included as its proposed trial exhibit no. 49 a Summary Appraisal Report of Vacant Parcel of Land Owned by R&S St. Rose LLC dated November 4, 2009 by Heidi H. Kent ("Kent Appraisal") estimating the fair market value of the Property at $23,555,000.00. A copy of the Kent Appraisal was included in the exhibit binder given to Mr. Gerrard at the beginning of the evidentiary hearing. A true and correct copy of the St. Rose proposed trial exhibit no. 49 consisting of the Kent Appraisal is attached as **Exhibit "10"**.

25. A true and correct copy of the docket for case no. A574852 is attached as **Exhibit "11"**.

26. A true and correct copy of the docket for case no. A594512 is attached as **Exhibit "12"**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this _25th_ day of May, 2010.

_____
RICHARD F. HOLLEY

07906-01.001/601100.doc

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson, and that on the 25th day of May, 2010, I caused to be served a true and correct copy of DECLARATION OF RICHARD F. HOLLEY, ESQ. IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Shannon McLerie
An employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson

- 7 -

07906-01.001/601100.doc