**GHANDI DEETER BLACKHAM**
NEDDA GHANDI, ESQ.
Nevada Bar No. 11137
Email: nedda@ghandilaw.com
LAURA A. DEETER, ESQ.
Nevada Bar No. 10562
Email: laura@ghandilaw.com
725 South 8th Street Suite 100
Las Vegas, Nevada  89101
Telephone: (702) 878-1115
Facsimile: (702) 979-2485
*Attorneys for R & S St. Rose*
*Lenders Liquidation Trust*

*Electronically Filed May  26ᵗʰ, 2020*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>R & S ST. ROSE LENDERS, LLC,<br><br><br><br>Debtor. | CASE NO. 11-14973-MKN<br>CHAPTER 11<br><br>Hearing Date:  OST Pending<br>Hearing Time: OST Pending |

**MOTION FOR ORDER AUTHORIZING LIQUIDATION TRUSTEE TO DISBURSE FUNDS, HOLDBACK FUNDS FOR ADMINISTRATIVE CLAIMS, AND DISBURSE ON PRORATED BASIS FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE CLAIMS WITHOUT FURTHER ORDER OF THE COURT**

Brian D. Shapiro ("Liquidation Trustee"), on behalf of the R & S St. Rose Lenders, LLC Liquidation Trust ("Liquidation Trust"), and the Debtor-out-of-possession, R & S St. Rose Lenders, LLC ("Lenders," and together with the Liquidation Trustee, the "Movants"), by and through their undersigned counsel, hereby respectfully file their *Motion for Order Authorizing Liquidation Trustee to Disburse Funds, Holdback Funds for Administrative Claims, and Disburse of Prorated Basis Funds Remaining After Payment of Administrative Claims Without*

*Further Order of the Court* (the "Motion") and requests an order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**, granting the following relief from the Court:

1.    That the Liquidation Trustee/Distribution Agent be authorized to holdback estimated funds for payments to the United States Trustee and to make payments to the United States Trustee for the fees that will be due to the United States Trustee related to the proposed distributions made to creditors in administering the Trust as estimated in the Claims Distribution Chart attached hereto as Exhibit 2;

2.    That the Liquidation Trustee/Distribution Agent be authorized to holdback $250,000.00 (the "Administrative Holdback") in funds for payments for administrative fees and costs incurred administering the Trust as set forth in the Claims Distribution Chart attached hereto as Exhibit 2.

3.    That the Liquidation Trustee/Distribution Agent be authorized to make pro rata distributions to Class 1 claimants pursuant to the Claims Distribution Chart attached hereto as Exhibit 2.

4.    That the Liquidation Trustee/Distribution Agent be authorized to pay the fees and costs incurred in the administration of the Trust by the Liquidation Trustee/Distribution Agent and Debtor's counsel from the Administrative Holdback without further order of the Court.

5.    That after the payment of the fees and costs incurred in the administration of the Trust from the Administrative Holdback, the Liquidation Trustee/Distribution Agent be authorized to disburse any remaining funds from the Administrative Holdback, without further order of the Court, to Class 1 claimants by calculating each Creditor's share of the remaining funds by applying the "ProRata Percentage of Total" as set forth on the Claims Distribution Chart attached hereto as Exhibit 2 to the remaining funds to determine each parties' respective share.

6.    That any of the distributions permitted by way of the granting of this Motion that are under $1.00 shall not be made.

This Motion is based upon the Memorandum Points and Authorities cited herein, the Declaration of Brian Shapiro ("Shapiro Decl.") filed concurrently herewith, the pleadings, and the papers and records on file in this action and any oral argument of counsel at any hearing on this Motion.

. . .

## POINTS AND AUTHORITIES

I.   **RELEVANT BACKGROUND**

   A.   **The Chapter 11 Filings**

   1.   On April 4, 2011, Lenders commenced a voluntary Chapter 11 case before the United States Bankruptcy Court, District of Nevada, pending as Case No. BK-S-11-14973-MKN (the "Lenders Bankruptcy").

   2.   Lenders' Schedule "A" in the Lenders Bankruptcy listed no real property assets; and Lenders' Schedule "B" in the Lenders Bankruptcy listed personal property consisting of two (2) checking accounts totaling $574.38, a claim in the amount of $12 million against R & S St. Rose, LLC ("RSLLC"), and a "judgment against Branch Banking and Trust Company" in the amount of $41,000.

   3.   On April 4, 2011, RSLLC commenced a separate voluntary Chapter 11 case before the United States Bankruptcy Court, District of Nevada, pending as Case No. BK-S-11-14974-MKN (hereinafter, the "RSLLC Bankruptcy"). The RSLLC Bankruptcy is now closed after a plan was confirmed by the Bankruptcy Court and affirmed on appeal.  RSLLC's Schedule "A" in the RSLLC Bankruptcy listed a fee simple interest in approximately 38 acres of raw land located on St. Rose Parkway in Henderson, Nevada (the "Property").

   4.   On July 22, 2011, Branch Banking and Trust Company ("BB&T"), the predecessor-in-interest to Truist, filed an unsecured proof of claim in the amount of $38,539,707.47 in the Lenders Bankruptcy (Claim No. 29-1).  On July 27, 2011, BB&T filed an unsecured proof of claim in the amount of $38,539,707.47 in the Lenders Bankruptcy (Claim No. 43-1).

   5.    BB&T's claim in the Lenders Bankruptcy was based on a 2007 loan (the "Construction Loan") between Colonial Bank, N.A. ("Colonial Bank") and RSLLC, secured by a deed of trust against the Property.  In connection with the Construction Loan, CLTIC through Nevada Title issued a Lenders Policy of Title Insurance, Policy Number 562-Z093126 in the amount of $43,980,000 for the benefit of Colonial Bank on July 31, 2007 (hereinafter, the

"Policy").   The rights under the Construction Loan and deed of trust against the Property allegedly had been obtained by BB&T from the FDIC as receiver for Colonial Bank.

6.      On June 24, 2009, CLTIC was notified by Colonial Bank that the Lenders deed of trust remained of record as senior in time priority to Colonial Bank's deed of trust insured under the Policy. The notice of claim submitted by Colonial Bank to CLTIC was assigned Claim No. 342140 and subsequently administered.  In the Lenders Bankruptcy, BB&T alleged that its lien against the Property is senior to that of Lenders', asserted claims for fraud and conspiracy, and references an action previously commenced in state court by Colonial Bank.

7.      On July 26, 2011, CLTIC filed in the Lenders Bankruptcy an unsecured proof of claim in an amount to be determined, on the basis of, *inter alia*, "fraud, misrepresentation and negligence" by RSLLC and Lenders (Claim No. 30-1).  Claim No. 30-1 asserted an estimated value of $43,980,000 based on alleged fraud by Lenders in connection with the Construction Loan and the Policy.

**B.      State Court Actions**

8.      The state court litigation consisted of a first action brought by Robert E. Murdock ("Murdock") and Eckley M. Keach ("Keach") and a second action brought by Colonial Bank.  The first action brought by Murdock and Keach was commenced in November 2008 in the Eighth Judicial District Court for Clark County, Nevada.  That action was brought against Rad, Nourafchan, Forouzan, RPN, Lenders and RSLLC, styled *Murdock, et al. v. Rad, et al.*, Case No. 08-A574852-C ("State Litigation 1").  In April 2009, Colonial Bank and RSIG were also added as named defendants in State Litigation 1.

9.      In July 2009, Colonial Bank commenced a second action in the Eighth Judicial District Court for Clark County, Nevada against RSLLC, and others, styled as *Colonial Bank, N.A. v. R&S St. Rose Lenders, LLC, et al.*, Case No. 09-A-594512-C ("State Litigation 2").  In State Litigation 2, both Colonial Bank and Lenders alleged they were secured creditors of RSLLC.  Colonial Bank's primary assertion was that Lenders had improperly obtained a lien against the subject Property ahead of Colonial Bank's deed of trust.  Shortly after State

Litigation 2 was commenced, Colonial Bank was placed into receivership by the FDIC, as receiver.  Subsequently, BB&T, as the alleged purchaser from the FDIC of some of the assets of Colonial Bank, filed amended complaints, again asserting various claims against RSLLC, Lenders, and others in State Litigation 2.  In State Litigation 2, Lenders filed a counterclaim seeking a declaration that its deed of trust had priority over Colonial Bank's deed of trust.

10.    State Litigation 2 was consolidated with State Litigation 1 (hereinafter collectively referred the as the "State Court Action").

11.    On January 8, 2010, a ten-day trial of the State Court Action was commenced, which concluded on or about April 14, 2010, and resulted in various findings of fact and rulings by the Court.

12.    On June 23, 2010, the State Court entered Findings of Fact and Conclusions of Law determining, *inter alia*, that Lenders' deed of trust had priority over the Colonial Bank deed of trust and that BB&T had not proven it was the successor-in-interest to the Construction Loan following the takeover of Colonial Bank by the FDIC.  On July 13, 2010, the State Court entered an initial judgment against Lenders in favor of Murdock in the amount of $166,741.83 and in favor of Keach in the amount of $1,009,163.61, resulting in a total judgment against Lenders of $1,175,905.44.

13.    On or about November 5, 2010, a final judgment was entered in the State Court Action granting judgment in favor of Murdock and Keach against Lenders, granting judgment in favor of Lenders against BB&T as to the priority of Lenders deed of trust, and dismissing all other claims not previously resolved in the action.  BB&T appealed such judgment to the Nevada Supreme Court.

14.    On or about March 31, 2011, Murdock and Keach assigned to CLTIC their rights under the judgment in the consolidated State Court Action.  CLTIC filed Claim No. 31-1 based on the judgment in the amount of $1,175,905.44.  That claim has been deemed allowed under 11 U.S.C. § 502.

15.    On May 31, 2013, the judgment in the State Court Action was affirmed by the Nevada Supreme Court.

### C.    The Dismissed Involuntary Bankruptcy Against RSLLC

16.    A foreclosure of the Property by Lenders under its deed of trust was scheduled to be conducted on June 1, 2010, and BB&T's request to stay the foreclosure was denied by the judge in the State Court Action.

17.    On May 13, 2010, BB&T commenced an involuntary Chapter 7 proceeding against RSLLC, denominated Case No. 10-18827-MKN (the "Involuntary Proceeding").  As a result of the Involuntary Proceeding, the foreclosure of the Property was stayed by the automatic stay under Section 362(a) of the Bankruptcy Code.

18.    On May 25, 2010, a motion to dismiss the Involuntary Proceeding was filed by Nourafchan and Estate of Rad (Involuntary Proceeding ECF No. 9), which was later joined by Lenders (Involuntary ECF No. 25).

19.    On October 29, 2010, an order was entered by the bankruptcy court dismissing the Involuntary Proceeding (Involuntary ECF No. 37).

### D.    BB&T Action and CLTIC Action

20.    On November 10, 2010, BB&T filed a complaint against NTC and CLTIC in the United States District Court for the District of Nevada styled *Branch Banking & Trust Company v. Nevada Title Company, et al.* Case No. 2:10-cv-01970-JCM-RJJ (the "BB&T Action"), asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith denial of insurance claim, detrimental reliance, declaratory relief, and negligence.  NTC and CLTIC filed motions to dismiss the BB&T Action, both of which were granted.

21.    On March 10, 2011, CLTIC filed a complaint against NTC in the United States District Court for the District of Nevada styled *Commonwealth Land Title Insurance Company v. Nevada Title Company and Does I-X,* Case No 2:11-cv-00380-KJD-GWF (the "Recoupment Action"), asserting claims for contractual indemnity, breach of the implied covenant of good

faith and fair dealing, implied contractual indemnity, negligence and breach of fiduciary duty. NTC answered the Recoupment Action denying all liability. CLTIC subsequently filed an amended complaint naming NTIC as a party to the Recoupment Action.

22. The Recoupment Action was subsequently stayed pending resolution of the proceedings in the Lenders Bankruptcy and the RSLLC Bankruptcy and the loss if any associated with such claims.

### E.    The RSLLC Plan of Reorganization and Related Appeals

23. On August 2, 2013, RSLLC filed a proposed Chapter 11 liquidating plan ("RSLLC Plan") (St. Rose ECF No. 242). On November 8, 2013, in the RSLLC Bankruptcy, an order was entered to confirm the RSLLC Plan (St. Rose ECF No. 291).

24. On November 21, 2013, in the RSLLC Bankruptcy, an order was entered approving a sale of the Property ("Sale Order") in accordance with the confirmed RSLLC Plan (St. Rose ECF No. 302). Under the Sale Order, the Property was sold for the purchase price of Thirteen Million Five Hundred Thousand Dollars ($13,500,000), with the liens in favor of Lenders and Colonial Bank attaching to the proceeds of sale ("Sale Proceeds").

25. On November 21, 2013, BB&T filed a notice of appeal to the United States District Court challenging the confirmation of the St. Rose Plan (St. Rose ECF No. 306). On November 22, 2013, CLTIC also filed a notice of appeal to the United States District Court challenging the plan confirmation order (St. Rose ECF No. 312).

26. Pursuant to Article III of the RSLLC Plan, the Sale Proceeds were to be distributed to Lenders up to the allowed amount of its claim. After the close of the sale, those proceeds were distributed to Lenders over the objection of BB&T, as set forth in the Motion to Return Funds to Debtor that were Improperly Disbursed under the Chapter 11 Plan, filed April 28, 2014 (St. Rose ECF No. 381) and the Opposition to Motion to Return Funds, filed May 21, 2014 (St. Rose ECF No. 389).

27.    The Motion to Return Funds to Debtor that were Improperly Disbursed under the Chapter 11 Plan was withdrawn by BB&T upon the agreement of counsel that Lenders would not disburse the funds absent a confirmed Chapter 11 plan.

28.    On August 7, 2014, an order was entered in the appeals affirming the Bankruptcy Court's Order confirming the RSLLC Plan (St. Rose ECF No. 446).

### F.    The Guarantor Action

29.    On October 16, 2015, BB&T filed a Motion for Summary Judgment against the Estate of Rad and Phillip Nourafchan (the "Guarantors") in the Guarantor Action, Case No. 2:14-cv-01947-APG-PAL, United States District Court for the District of Nevada, (ECF No. 38), seeking a judgment in favor of BB&T and against the Guarantors in the amount of $44,517,158.59 as of October 16, 2015, which included principal of $33,461,408.21 and interest in the amount of $11,055,750.38.

30.    On September 1, 2016, the Court entered an Order on the Motion for Summary Judgment in favor of BB&T and against the Guarantors in the Guarantor Action (ECF No. 50).

31.    On October 13, 2016, the Court entered a Judgment in favor of BB&T and against Guarantors Nourafchan and the Estate of Rad in the amount of $44,517,158.59 as of October 16, 2015 in the Guarantor Action (ECF No. 52), which Judgment was subsequently affirmed on appeal (hereafter, the "Guarantor Judgment").

### G.    The Lenders Plan of Reorganization

32.    On April 18, 2016, Lenders filed its Third Amended Chapter 11 Plan ("Plan") (Lenders ECF No. 794), along with its Sixth Amended Disclosure Statement ("Disclosure Statement") (Lenders ECF No. 793).

33.    On April 28, 2017, this Court entered its Memorandum Decision on Confirmation of Debtor's Third Amended Plan of Liquidation (the "Memorandum Decision") [ECF No. 1038] and its Order on Confirmation of Debtor's Third Amended Plan of Liquidation (the "Confirmation Order"). (Lenders ECF No. 1039). BB&T appealed the Memorandum Decision and the Confirmation Order (Lenders ECF No. 1041).

34.     On December 16, 2019, the Lenders Liquidation Trust filed a Motion for Summary Judgment against CLTIC denying proof of Claim No. 30-1 (Lenders ECF No. 1223), and against BB&T denying its Proof of Claim (Claim No. 43-1).

**H.      The Global Settlement Agreement**

35.     On March 3, 2020, the parties entered into the record before the Bankruptcy Court that they had reached a global settlement resolving each and every claim between the Parties (the "Global Settlement") which was subsequently memorialized into a written agreement.

36.     A Motion to Approve the Global Settlement Agreement was approved by this Court.  The Order approving the Motion to Approve the Global Settlement Agreement was entered on April 30, 2020.  *See* Lenders ECF No. 1273.  The Order approving the Motion to Approve the Global Settlement Agreement became a final order on May 15, 2020.

**I.      The Liquidation Trust Proceeds**

37.     In accordance with the Plan, on May 26, 2017, Lenders and the Liquidation Trustee executed the R & S St. Rose Lenders, LLC Liquidation Trust Agreement ("Liquidation Trust Agreement"), a true and correct copy of which is attached to the Plan at Lenders ECF No. 794, as Exhibit A.

38.     Pursuant to the Liquidation Trust Agreement, the Liquidation Trustee may apply to this Court "for instructions or procedures in connection with any issue which may arise in the administration of" the Liquidation Trust. [Exhibit 1, Section 11.8].

39.     Pursuant to the Plan, the Distribution Agent means "Debtor, or the Person or Entity chosen by Debtor to make or to facilitate Distributions pursuant to the Plan." (Plan, ECF No. 794, p. 12 para 33). Debtor chose the Liquidation Trustee to act as the Distribution Agent.

40.     Pursuant to the Confirmation Order, "the R & S St. Rose Lenders, LLC Liquidation Trust created pursuant to Article V. A. of the Plan, may distribute to allowed claims in Class 1 any undistributed portion of the funds allocated to claims in Class 2(a)" and "the trustee of the R & S St. Rose Liquidation Trust may proceed with Class 1 distributions upon

the effective date of the Plan, **but must withhold from Class 1, distributions in the amount of $6,359,052, until further order of the court**." [ECF No. 1039, 2:4-9 (emphasis in original)].

41.    On or about June 2, 2017, funds held by Lenders were transferred to the Liquidation Trustee/Distribution Agent.  As of June 12, 2017, the Liquidation Trust had received funds in the amount of $11,643,385.30 ("Trust Funds").

42.    On or about September 20, 2017, Lenders and the Liquidation Trustee filed a *Motion for Order Directing Plan Implementation* (the "Implementation Motion") (Lenders ECF No. 1101).  The Order granting the Implementation Motion was entered on or about December 20, 2017 (the "Implementation Order") (Lenders ECF No. 1148).

43.    Pursuant to the Implementation Order, the Court directed that the amount of to be withheld from distribution for holders of Class 1 Claims be increased to $8,220,780.00 (the "Holdback") which amount was ordered to be withheld from distribution until further order of the Court.  *See* Lenders ECF No. 1148.

44.    As of the filing of this Motion, the Liquidation Trustee estimates that $8,536,328.94 is being held in the Liquidation Trust account for administration fees and costs, including any U.S. Trustee fees, and for distribution for holders of Class 1 Claims.

45.    Through this Motion, the Liquidation Trustee/Distribution Agent seeks confirmation that he may make certain distributions to Class 1 Creditors.  The Liquidation Trustee/Distribution Agent additionally seeks an order confirming that certain funds can be heldback for the payment of Estimated U.S. Trustee fees and for Administrative Fees and Costs.

46.    Attached to this Motion as **Exhibit 2** is a chart showing all Class 1 claimants who are to receive pro rata distributions from the Liquidation Trust at this time ("Claims Distribution Chart").  Through this Motion, the Liquidation Trustee/Distribution Agent seeks confirmation that he may make the pro rata distributions to Class 1 claimants as shown on the Claims Distribution Chart.

47.    The Claims Distribution Chart also estimates United States Trustee fees that would be held back to cover the fees due to the United States Trustee related to the distributions

proposed.  Through this Motion, the Liquidation Trustee/Distribution Agent seeks confirmation that he may hold back the estimated United States Trustee fees and disburse those payments to the United States Trustee following the proposed disbursements to creditors.

48.    In addition, the Claims Distribution Chart proposes a holdback for Administrative fees and costs in the amount of $250,000.00 (the "Administrative Holdback"). Through this Motion, the Liquidation Trustee/Distribution Agent seeks confirmation that he may hold back the Administrative Holdback.

49.    The Liquidation Trustee/Distribution Agent further requests that he be authorized to pay the fees and costs incurred in the administration of the Trust by the Liquidation Trustee/Distribution Agent and Debtor's counsel from the Administrative Holdback without further order of the Court.

50.    The Liquidation Trustee/Distribution Agent requests that after the payment of the fees and costs incurred in the administration of the Trust from the Administrative Holdback, the Liquidation Trustee/Distribution Agent be authorized to disburse any remaining funds from the Administrative Holdback, without further order of the Court, to Class 1 claimants by calculating each Creditor's share of the remaining funds by applying the "ProRata Percentage of Total" as set forth on the Claims Distribution Chart attached hereto as Exhibit 2 to the remaining funds to determine each parties' respective share.  In making the final distributions of the remaining funds, the Liquidation Trustee/Distribution Agent further requests that any of the distributions permitted by way of the granting of this Motion that are under $1.00 shall not be made.

## II.    LEGAL ARGUMENT

### A.    The Court Should Authorize the Distributions and Holdbacks in the Claims Distribution Chart Attached as Exhibit 2.

In Section 1142 of the Bankruptcy Code, which provides for the implementation of reorganization plans, provides:

(a) Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

(b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142.

Section 1142(b) bestows the court with considerably broad authority to issue any order necessary to implement a confirmed Chapter 11 plan, including specifically to comply with the terms of a plan. See *Riverside Nursing Home v. N. Metro. Residential Health Care Facility, Inc.*, 977 F.2d 78 (2d Cir. 1992) (directing debtor to enter into receiver agreement for nursing home operated by debtor); *Jorgensen v. Fed. Land Bank (In re Jorgensen)*, 66 B.R. 104 (B.A.P. 9th Cir. 1986) (using authority under Section 1142(b) to appoint a party as liquidating agent under plan proposed by creditors over the objection of debtor); *In re Harlow Props., Inc.*, 56 B.R. 794 (B.A.P. 9th Cir. 1985) (ordering officers of corporate debtor to execute documents necessary for the sale of the corporate assets); *Gray v. Polar Molecular Corp. (In re Polar Molecular Corp.)*, 195 B.R. 548 (Bankr. D. Mass. 1996) (court held that it had authority under Section 1142(b) to order debtor to make required plan payments to a trustee for unsecured creditors). Thus, Section 1142(b) allows the court to direct the debtor or trustee to perform any act necessary for consummation of the plan.

Given the finality of the Order approving the Motion to Approve the Global Settlement Agreement and the global resolution between the parties, the Liquidation Trustee/Distribution Agent believes that the distributions and holdback proposed in the Claims Distribution Chart

should be permitted to proceed at this time. The Claims Distribution Chart was circulated to counsel for the parties to the Global Settlement prior to the filing of this Motion. No preliminary objections were raised to the proposed distributions and holdbacks when the Claims Distribution Chart was circulated. Therefore, the Liquidation Trustee/Distribution Agent is informed and believes that the parties to the Global Settlement approve of the proposed distributions and holdbacks set forth in the Claims Distribution Chart.

For the foregoing reasons, the Liquidation Trustee/Distribution Agent requests that the Court enter an order authorizing the proposed distributions and holdbacks set forth in the Claims Distribution Chart and granting the relief requested in this Motion.

### III.    CONCLUSION

WHEREFORE, Liquidation Trustee/Distribution Agent respectfully requests that the Court grant the Motion and order relief substantially in the form of the proposed order attached hereto as **Exhibit 1**, and grant such other relief the Court deems just and proper.

DATED this 26th day of May, 2020.

Respectfully submitted by:                          Approved:

**GHANDI DEETER BLACKHAM**

By:  /s/Nedda Ghandi                                By: /s/ Brian D. Shapiro
NEDDA GHANDI, ESQ.                              BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 11137                               *Liquidation Trustee*
Email: nedda@ghandilaw.com
725 S. 8th St. Suite 100
Las Vegas, Nevada  89101
Telephone: (702) 878-1115
Fax: 1-(702) 447-9995
Attorneys for *R & S St. Rose Lenders*
*Liquidation Trust*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT 1**

**PROPOSED ORDER**

1

2

3

4  **GHANDI DEETER BLACKHAM**
   NEDDA GHANDI, ESQ.

5  Nevada Bar No. 11137
   Email: nedda@ghandilaw.com

6  LAURA A. DEETER, ESQ.
   Nevada Bar No. 10562

7  Email: laura@ghandilaw.com

8  725 South 8th Street Suite 100
   Las Vegas, Nevada  89101

9  Telephone: (702) 878-1115
   Facsimile: (702) 979-2485

10 Attorneys for R & S St. Rose Lenders Liquidation Trust

11              **UNITED STATES BANKRUPTCY COURT**

12              **FOR THE DISTRICT OF NEVADA**

13

14 In re:                            )  CASE NO. BK-S-11-14973-MKN
                                      )  CHAPTER 11
15 R & S ST. ROSE LENDERS, LLC,       )
                                      )
16         Debtor.                    )
                                      )
17                                    )
                                      )  Hearing Date:
18 _____  )  Hearing Time:

19      **[PROPOSED] ORDER GRANTING MOTION FOR ORDER AUTHORIZING**
        **LIQUIDATION TRUSTEE TO DISBURSE FUNDS, HOLDBACK FUNDS FOR**
20      **ADMINISTRATIVE CLAIMS, AND DISBURSE ON PRORATED BASIS FUNDS**
        **REMAINING AFTER PAYMENT OF ADMINISTRATIVE CLAIMS**
21      **WITHOUT FURTHER ORDER OF THE COURT**

22         Upon the *Motion for Order Authorizing Liquidation Trustee to Disburse Funds,*

23 *Holdback Funds for Administrative Claims, and Disburse of Prorated Basis Funds Remaining*

24 *After Payment of Administrative Claims Without Further Order of the Court* (the "Motion")[1]

25 filed by Brian D. Shapiro ("Liquidation Trustee"), on behalf of The R & S St. Rose Lenders,

26 LLC Liquidation Trust ("Liquidation Trust"), and the Debtor-out-of-possession, R & S St. Rose

27

28 _____
   [1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

                                        Ex. 2

Lenders, LLC ("Lenders," and together with the Liquidation Trustee, the "Movants"), by and through their undersigned counsel, having been heard by this Court, with appearances noted on the record, the Court having reviewed the Motion and all matters submitted therewith; notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr P. 7052 and 9014; and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1.     The Motion is GRANTED.

2.     The Liquidation Trustee/Distribution Agent is authorized to holdback estimated funds for payments to the United States Trustee and to make payments to the United States Trustee for the fees that will be due to the United States Trustee related to the distributions made to creditors in administering the Trust as estimated in the Claims Distribution Chart attached to the Motion as Exhibit 2.

3.     The Liquidation Trustee/Distribution Agent is authorized to holdback $250,000.00 (the "Administrative Holdback") in funds for payments for administrative fees and costs incurred administering the Trust as set forth in the Claims Distribution Chart attached to the Motion as Exhibit 2.

4.     The Liquidation Trustee/Distribution Agent is authorized to make pro rata distributions to Class 1 claimants pursuant to the Claims Distribution Chart attached to the Motion as Exhibit 2.

5.     The Liquidation Trustee/Distribution Agent is authorized to pay the fees and costs incurred in the administration of the Trust by the Liquidation Trustee/Distribution Agent and Debtor's counsel from the Administrative Holdback without further order of the Court.

6.     After the payment of the fees and costs incurred in the administration of the Trust from the Administrative Holdback, the Liquidation Trustee/Distribution Agent is authorized to disburse any remaining funds from the Administrative Holdback, without further

order of the Court, to Class 1 claimants by calculating each Creditor's share of the remaining funds by applying the "ProRata Percentage of Total" as set forth on the Claims Distribution Chart attached to the Motion as Exhibit 2 to the remaining funds to determine each parties' respective share.

7.      Any of the distributions permitted by way of this Order that are under $1.00 shall not be made.

**IT IS SO ORDERED.**

Prepared and Submitted by:

**GHANDI DEETER BLACKHAM**

By:   /s/ Nedda Ghandi
NEDDA GHANDI, ESQ.
Nevada Bar No. 11137
Email: nedda@ghandilaw.com
725 S. 8th St. Suite 100
Las Vegas, Nevada  89101
Telephone: (702) 878-1115
Fax: 1-(702) 447-9995
Attorneys for *R & S St. Rose Lenders*
*Liquidation Trust*

**Approved:**

By: /s/ Brian D. Shapiro
BRIAN D. SHAPIRO, ESQ.
*Liquidation Trustee*

**EXHIBIT 2**

**CLAIMS DISTRIBUTION CHART**

## *Distributions from Liquidation Trust to Class 1 Creditors*

*The following distribution numbers are best estimates based upon currently available balances.   Payments may be adjusted pursuant to creditors' prorata share based upon actual balance of the account at time of distribution.*

| Description | | Amount | Remaining Balance | |
|---|---|---|---|---|
| **Estimated Amount in Account** | | **$8,536,328.94** | $8,536,328.94 | |
| **Less Trust Obligation to Truist Pursuant to Global Settlement Agreement** | | **($1,165,666.67)** | $7,370,662.27 | |
| **Less Estimated U.S. Trustee Fees due related to Distribution to Truist (1%)** | | **($11,566.67)** | $7,359,095.60 | |
| **Less Proposed Holdback for Administrative Fees and Costs** | | **($250,000.00)** | $7,109,095.60 | |
| **Less Estimated U.S. Trustee Fees on Balance (1%)** | | **($71,090.95)** | $7,038,004.65 | |
| **Subtotal for Available for Pro-Rata Distribution Payments** | | **$7,038,004.65** | | |

| POC# | Creditor Name | Allowed Claim Amount | ProRata % of Total | Est. Distribution | Payee for Distribution Check if Different than Proof of Claim |
|---|---|---|---|---|---|
| 1 | Marvin Burns, Trustee          Attn: Bankruptcy Dept./Managing Agent 9107 Wilshire Blvd., #800   Beverly Hills, CA 90210 | $102,000.00 | 0.38% | $26,668.55 | *Marvin Burns, Esq.* |
| 2 | Saeed Sassooni 3516 Alginet Dr. Encino CA 91436 | $195,582.96 | 0.73% | $51,136.42 | |

| | | | | | |
|---|---|---|---|---|---|
| 3 | Bruce H. Rosen<br>Attn: Bankruptcy Dept./Managing<br>Agent         6230 Orchard Lake<br>Road #296 West Bloomfield, MI<br>48322 | $275,000.00 | 1.02% | $71,900.51 | |
| 5 | Barry Briskin transferred to Pioneer<br>Funding Group         220 N.<br>Zapata Hwy. Suite 11        PMB<br>516A                    Laredo, TX<br>78043-4464 | $142,469.00 | 0.53% | $37,249.43 | |
| 7 | Medrdad Noorani<br>245 East 63rd Street, Apt. 816, New<br>York, NY 10065 | $209,041.67 | 0.78% | $54,655.28 | |
| 8 | Erahim Noorani<br>245 East 63rd Street, Apt. 816, New<br>York, NY 10065 | $236,647.22 | 0.88% | $61,872.93 | *Ebrahim Noorani ITF Daniella, Benjamin, and Ethan Noorani* |
| 10 | 8521 Associates | $134,292.00 | 0.50% | $35,111.50 | |
| 11 | Edward Narens Trust<br>27815 Lakehills Dr.<br>Franklin, MI 48025 | $398,875.00 | 1.48% | $104,288.42 | |
| 12 | Shirley Harris Trust<br>2860 Filbert St.<br>San Francisco, CA 94123 | $264,583.00 | 0.98% | $69,176.92 | *Steven and Gina Harris Trust* |
| 13 | Steven M. Gina Harris Rev. Liv. Trust<br>2860 Filbert St.<br>San Francisco, CA 94123 | $332,729.00 | 1.24% | $86,994.13 | |
| 14 | Merle Harris Trust<br>2860 Filbert St.<br>San Francisco, CA 94123 | $531,167.00 | 1.97% | $138,877.01 | |
| 15 | Babs Kaufman Revocable Trust<br>26701 Carol Ave.<br>Franklin, MI 48025 | $200,438.00 | 0.74% | $52,405.80 | *Babs Kaufman Trust* |

| | | | | | |
|---|---|---|---|---|---|
| 16 | Julie Harris<br>Attn: Bankruptcy Dept./Managing<br>Agent          320 Central Park<br>West #10H      New York, NY<br>10025 | $200,438.00 | 0.74% | $52,405.80 | |
| 17-2 | George Nyman<br>115 W. Brown St.<br>Birmingham, MI 48009 | $538,219.18 | 2.00% | $140,720.85 | |
| 18 | Romyar Nourafchan<br>1217 Shadybrook Dr.<br>Beverly Hills, CA 90210 | $278,055.56 | 1.03% | $72,699.41 | |
| 20 | Iraj Jourabchi<br>137 North Bowling Green Way Los<br>Angles, CA 90049 | $139,027.38 | 0.52% | $36,349.60 | |
| 21 | Vida Hamadani<br>137 North Bowling Green Way Los<br>Angles, CA 90049 | $278,055.56 | 1.03% | $72,699.41 | |
| 22 | Poopak Nourafchan<br>121 N. Canyon View Drive          Los<br>Angeles,CA 90049 | $278,055.56 | 1.03% | $72,699.41 | |
| 23 | Afagh Nourafchan<br>10390 Wilshire Blvd. Apt. 1210 Los<br>Angeles, CA 90024 | $140,027.78 | 0.52% | $36,611.16 | |
| 24 | David Setareh<br>11820 Mayfield Ave. #316<br>Los Angeles, CA 90024 | $195,238.89 | 0.73% | $51,046.46 | |
| 25 | R. Phillip & Afagh Nourafchan<br>Family Trust<br>10390 Wilshire Blvd. Apt. 1210<br>Los Angeles, CA 90024 | $353,970.89 | 1.31% | $92,547.96 | |
| 26 | Sharareh Makhani<br>1745 Camino Palmero #431<br>Los Angeles, CA 90046 | $414,083.33 | 1.54% | $108,264.74 | |

| | | | | | |
|---|---|---|---|---|---|
| 27 | Houshang Forouzan<br>10787 Wilshire Blvd. Apt. #1502 Los<br>Angeles, CA 90024 | $278,055.56 | 1.03% | $72,699.41 | |
| 28 | Mitra Forouzan<br>750 S. Spaulding Ave. Unit 121 Los<br>Angeles, CA 90036 | $761,152.78 | 2.83% | $199,008.27 | |
| 31 | Commonwealth Land Title Ins.<br>Company | $1,175,905.44 | 4.37% | $307,448.01 | |
| 32 | Rafee Halelouyan<br>1064 S. Shenandoah St. Apt. #204<br>Los Angeles, CA 90035 | $117,323.61 | 0.44% | $30,675.01 | |
| 33 | Yehuda Ohebsion<br>10366 Wilshire Blvd. Unit 301   Los<br>Angeles, CA 90024 | $1,865,375.00 | 6.93% | $487,714.24 | |
| 34 | Shahnaz Sefaradi<br>6336 West 6th Street<br>Los Angeles, CA 90048 | $103,520.83 | 0.38% | $27,066.18 | |
| 35 | Allan G Zielelman<br>Attn: Bankruptcy Dept./Managing<br>Agent         4731 N Dixie Hwy.<br>Boca Raton, FL 33431 | $135,694.44 | 0.50% | $35,478.18 | |
| 37 | Dr. Rahmatt Ollah Raffi<br>10430 Wilshire Blvd. Apt. 1004<br>Los Angeles, CA 90024 | $1,077,706.26 | 4.00% | $281,773.20 | |
| 38 | Joseph Safaradi<br>165 North Stanley Dr.<br>Beverly Hills, CA 90211 | $241,548.61 | 0.90% | $63,154.43 | |
| 39 | Shahram Rahimi<br>240 S La Peer Dr.<br>Beverly Hills, CA 90211 | $138,027.78 | 0.51% | $36,088.25 | |

| | | | | | |
|---|---|---|---|---|---|
| 40 | Fashandi & Associates<br>Tony Fashandi         9320<br>Chesapeake Dr. Ste. 102<br>San Diego, CA 92123 | $138,027.78 | 0.51% | $36,088.25 | |
| 41 | Mehrdad Danialifar<br>619 N. Foothill Rd.         Beverly<br>Hills, CA 90210 | $207,041.67 | 0.77% | $54,132.37 | |
| 42 | Moulouk Forouzan<br>7E 14th St. #923<br>New York, New York 10003 | $416,083.33 | 1.55% | $108,787.65 | |
| 44 | David Saadnia<br>50100 Via Puente<br>La Quinta, CA 92253 | $138,027.78 | 0.51% | $36,088.25 | |
| 45 | Douriz Saadnia<br>50100 Via Puente<br>La Quinta, CA 92253 | $138,027.78 | 0.51% | $36,088.25 | |
| 47 | Bradley Abeson<br>5018 NW 141st St<br>Vancouver, WA 98685 | $86,625.00 | 0.32% | $22,648.66 | |
| 49-2 | Double E. Family<br>9875 West La Manch Ave.<br>Las Vegas, NV 89149 | $1,518,825.00 | 5.64% | $397,106.52 | |
| 51 | R&S Investment Group<br>10390 Wilshire Blvd. Apt. 1210   Los<br>Angeles, CA 90024 | $8,439,463.49 | 31.35% | $2,206,551.78 | |
| 53 | William Wetsman Trust<br>Attn: Bankruptcy Dept./Managing<br>Agent         PO Box 3032<br>Birmingham, MI 48012 | $134,292.00 | 0.50% | $35,111.50 | *Lillian R Wetsman Trust c/o William Wetsman Trustee* |

| # | Name/Address | Amount | % | Amount | |
|---|---|---|---|---|---|
| 54 | Lilliam R. Wetsman Trust<br>Attn: Bankruptcy Dept./Managing Agent          PO Box 3032<br>Birmingham, MI 48012 | $67,146.00 | 0.25% | $17,555.75 | |
| 55 | The Wetsman Foundation<br>Attn: Bankruptcy Dept./Managing Agent          PO Box 3032<br>Birmingham, MI 48012 | $134,292.00 | 0.50% | $35,111.50 | |
| 56 | ADDA Enterprises LLC<br>Attn: Bankruptcy Dept./Managing Agent                127 Northington Drive          Avon, CT 06001 | $67,146.00 | 0.25% | $17,555.75 | |
| 57 | Isabelle Ziegelman<br>c/o Allan Ziegelman<br>4731 N. Dixie Hwy.<br>Boca Raton, FL 33431 | $67,847.22 | 0.25% | $17,739.09 | |
| 58A | Kenneth Nathan, Ch. 7 Trustee of Jeffrey D. Novick, Case No. 14-4581<br>24725 W. 12 Mile Road Ste. 110<br>Southfield, MI 48034 | $268,584.00 | 1.00% | $70,223.01 | |
| 59 | Edith Briskin<br>727 Willits St.<br>Birmingham, MI 48009 | $134,292.00 | 0.50% | $35,111.50 | |
| 60 | Shirley K. Schlafer Foundation<br>727 Willits St.<br>Birmingham, MI 48009 | $134,292.00 | 0.50% | $35,111.50 | |
| 61 | Jeffrey Harris<br>400 West 12th Street Ste. 9C<br>New York, NY 10014 | $502,000.00 | 1.86% | $131,251.12 | |

| | | | | | |
|---|---|---|---|---|---|
| 62 | Zomco, Inc.<br>Ramin Zomorodi<br>2007 S. Beverly Glen Blvd. Apt. 301<br>Los Angeles, CA 90025 | $1,520,305.66 | 5.65% | $397,493.65 | |
| 63-2 | Keyvan Setareh<br>501 Amalfi Dr.<br>Pacific Palisades, CA 90272 | $1,073,837.39 | 3.99% | $280,761.66 | |
| | | | | | |
| | *Total Class 1* | *$26,918,463.39* | **100.00%** | *$7,038,004.65* | |
| | | | | | |
| | **Percentage of Total Claims Paid through Total Proposed Distribution** | | 26.15% | | |